THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON W. WEIR, | : |
| | : |
| Plaintiff, | : 3:25-CV-1504 |
| v. | : (JUDGE MARIANI) |
| | : |
| PROGRESSIVE ADVANCED | : |
| INSURANCE COMPANY | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

Presently before the Court is a motion to remand filed by Plaintiff Brandon W. Weir ("Plaintiff"). (Doc. 6). For the reasons that follow, the motion will be denied.

### I.  PROCEDURAL HISTORY

On or about July 16, 2025, Plaintiff filed this action in the Court of Common Pleas of Luzerne County. (Doc. 1-2). On August 15, 2025, Defendant Progressive Advanced Insurance Company ("Defendant") timely removed the action to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. (Doc. 1). Thereafter, Defendant filed a motion to dismiss and a motion to strike. (Doc. 4). On September 3, 2025, Plaintiff filed the instant motion to remand. (Doc. 6). The Court also granted Plaintiff's motion to stay the proceedings pending resolution of Plaintiff's motion to remand. (Doc. 11). The matter has been fully briefed and ripe for disposition.

## II.  ANALYSIS

Plaintiff moves to remand this action to the Court of Common Pleas of Luzerne County, arguing that the amount is controversy requirement has not been satisfied. (Doc. 12). In contrast, Defendant claims that on the face Plaintiff's complaint, Plaintiff seeks damages exceeding $75,000. (Doc. 13). Defendant, as the party asserting jurisdiction, "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) (citations omitted).

To invoke federal diversity jurisdiction, the parties must be diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). "Removal of cases from state to federal courts is governed by 28 U.S.C. § 1441. In diversity suits, the requirement of an amount in controversy exceeding $75,000 applies to removed cases as well as to litigation originally filed in federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The removal statute "is to be strictly construed against removal." *Id.* (citations omitted).

The Supreme Court has held that the rule for determining if the case involves the requisite amount in controversy is whether "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289, 58 S.Ct. 586,

82 L.Ed.2d 845 (1938); *see Samuel-Bassett*, 357 F.3d at 397-98 (recognizing that *Red Cab. Co.* applies when determining the amount in controversy).

In the complaint, Plaintiff brings six claims against the Defendant: a claim for breach of contract (Count I), statutory bad faith pursuant to 42 Pa. C.S.A. § 8371 (Count II), a claim alleging fraud and misrepresentation (Count III), declaratory relief (Count IV), specific performance (Count V), and a claim for unjust enrichment (Count VI). (Doc. 1-2). In Count I, Plaintiff seeks compensatory damages from Defendant in the amount $30,236.86 for alleged damaged to his vehicle following an accident. (*Id.*, ¶¶ 22-23). In Count II, Plaintiff seeks both punitive damages and reasonable attorneys' fees for Defendant's alleged violation of Pennsylvania's bad faith statute. (*Id.*, ¶ 31). In Count III, Plaintiff "demands compensatory damages against Defendant in an amount in excess of $50,000.00, plus punitive damages in an appropriate amount" for his claim alleging fraud and misrepresentation. (*Id.*, ¶ 37).

According to Defendant, on the face of Plaintiff's complaint he "demands in excess of $80,236.86 in compensatory damages for alleged breach of contract and fraud and misrepresentation." (Doc. 13 at 1). Moreover, Plaintiff "demands attorneys' fees, punitive damages, interests, and costs under various legal theories." (*Id.*). The Court need not dwell on the issues before it, because it is apparent that Defendant has satisfied its burden on removal by demonstrating that the parties are diverse and that the amount in controversy exceeds $75,000 to a legal certainty. *See Samuel-Bassett*, 357 F.3d at 398 (stating burden

3

of proof on removal, and acknowledging "that requiring a defendant to show to a legal certainty that the amount in controversy exceeds the statutory minimum may lead to somewhat bizarre situations.").

"Once a good faith pleading of the amount in controversy vests the district court with diversity jurisdiction, the court retains jurisdiction even if the plaintiff cannot ultimately prove all of the counts of the complaint or does not actually recover damages" in excess of $75,000. *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997) (citations omitted). "The court should not consider in its jurisdictional inquiry the legal sufficiency of those claims or whether the legal theory advanced by the plaintiffs is probably unsound; rather, a court can dismiss the case only if there is a legal certainty that the plaintiff cannot recover more than" $75,000. (*Id.*). The same standard applies to Plaintiff's motion to remand. *Samuel-Bessett*, 357 F.3d at 397-99.

"The general rule is that claims brought by a single plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other." *Suber*, 104 F.3d at 588 (citing *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969)). Again, in assessing the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount" to justify remand. *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (internal citation and quotation marks omitted).

Based on Plaintiff's own allegations in the complaint, the Court agrees with Defendant that it met its burden to show to a legal certainty that Plaintiff can recover damages in excess of $75,000. As an initial matter, Plaintiff complaint seeks compensatory damages in excess of $75,000. (Doc. 1-2, ¶¶ 22-23, 31, 37). He also seeks attorneys' fees based on an alleged violation of Pennsylvania's bad faith statute, which are properly considered when determining the amount in controversy. *See Suber*, 104 F.3d at 585 ("Moreover, in calculating the amount in controversy, we must consider potential attorney's fees.").

In addition, Plaintiff seeks punitive damages in both his statutory bad faith claim alleged in Count II and in his fraud claim alleged in Count III, and it well-settled that punitive damages are available in a statutory bad faith action in Pennsylvania and must be considered when determining the amount in controversy.[1] *See Packer*, 994 F.2d at 1406 ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."); *see also Quinones-Velazquez v. Maroulis*, 677 Fed. App'x 801, 804 (3d Cir. 2017) (reversing district

---

[1] Plaintiff's argument that the Court cannot consider punitive damages in determining the amount in controversy because the Defendant filed a motion to dismiss Plaintiff's bad faith claim is without merit. (Doc. 6 at 2). That motion was stayed, upon Plaintiff's request, pending resolution of Plaintiff's motion to remand. (Doc. 11). The pending motion to dismiss has no effect on whether on the face of Plaintiff's complaint he seeks damages in excess of $75,000. *See Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 Fed. App'x 161, 164 (3d Cir. 2017) ("Instead, the District Court concluded that Coulter failed to satisfy the amount in controversy requirement because (1) the court dismissed all of her other claims under Rule 12(b)(6), and (2) her breach of contract claim sought less than $75,000. That approach was erroneous. The amount in controversy for diversity purposes is determined as of the filing of the complaint.").

5

court dismissal for lack of subject matter jurisdiction noting, "[a] claim for punitive damages must be considered in determining the amount in controversy, unless the claim is patently frivolous and without foundation."). Accordingly, Defendant has met its burden of proof to demonstrate to a legal certainty that Plaintiff seeks recovery in excess of $75,000 based on Plaintiff's own allegations in the complaint. Plaintiff's motion to remand, (Doc. 6), is wholly without merit and will be denied.[2]

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand, (Doc. 6), will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[2] While Plaintiff does not explicitly argue that the parties are not diverse, the Court finds on this record that the parties are diverse because Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendant is a citizen of the State of Ohio. (Doc. 3); see 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Plaintiff's arguments on this issue appears to confuse diversity of citizenship for subject matter jurisdiction purposes with the minimum contracts necessary to exercise personal jurisdiction over an out-of-state defendant. (Doc. 13 at 1-2); see Gentry v. Sikorsky Aircraft Corp., 383 F. Supp. 3d 442, 460 (E.D. Pa. 2019) ("Just because a corporation maintains some limited operations in Pennsylvania, it does not follow that the company's principal place of business is also necessarily in Pennsylvania, even if the company is being sued for conduct arising from those Pennsylvania operations.").

Moreover, in the complaint Plaintiff alleges that Defendant maintains its headquarters in Ohio, (Doc. 1-2, at ¶ 2), and fails to offer any responses challenging Defendant's Rule 7.1 Statement or statements in the Notice of Removal regarding Defendant's citizenship. Compare (Doc. 1, ¶¶ 6-7), with (Doc. 7, ¶¶ 6-7).