THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON W. WEIR,                          :
                                          :
                    Plaintiff,            :      3:25-CV-1504
          v.                              :      (JUDGE MARIANI)
                                          :
PROGRESSIVE ADVANCED                      :
INSURANCE COMPANY                         :
                                          :
                    Defendant.            :

**MEMORANDUM OPINION**

Presently before the Court is a partial motion dismiss and motion to strike filed by

Defendant Progressive Advanced Insurance Company ("Defendant" or "Progressive").

(Doc. 4).  For the reasons that follow, the motions will be granted.

**I.      PROCEDURAL HISTORY**

On or about July 16, 2025, Plaintiff Brandon W. Weir ("Plaintiff") filed this action in

the Court of Common Pleas of Luzerne County.  (Doc. 1-2).  In the Complaint, Plaintiff

brings six claims against the Defendant:  a claim for breach of contract (Count I), a statutory

bad faith claim pursuant to 42 Pa. C.S.A. § 8371 (Count II), a claim alleging fraud and

misrepresentation (Count III), declaratory relief (Count IV), specific performance (Count V),

and a claim for unjust enrichment (Count VI).  (*Id.*).

On August 15, 2025, Defendant timely removed the action to this Court pursuant to

28 U.S.C. § 1441.  (Doc. 1).  Defendant thereafter filed a motion to dismiss and a motion to

strike.  (Doc. 4).  On September 3, 2025, Plaintiff filed a motion to remand, (Doc. 6), which

the Court denied on October 2, 2025. (Doc. 15). The motions have been fully briefed and ripe for disposition.[1]

## II.   FACTUAL ALLEGATIONS

Plaintiff's Complaint alleges the following:

Plaintiff is the owner of an automobile insurance policy purchased from Defendant Progressive. (Doc. 1-2, ¶¶ 1-2). Specifically, Plaintiff purchased an automobile insurance policy bearing the policy number 6587703 from the Defendant to provide coverage on the Plaintiff's 2016 Ford Fusion SE Sedan 4D EcoBoost 1.5L. (Id., ¶¶ 3-5). On or about January 17, 2025, Plaintiff's automobile suffered significant damage and loss when the vehicle struck an animal. (Id., ¶ 6).

Plaintiff "immediately reported the damage and loss to the Defendant through its agents and/or employees." (Id., ¶ 7). Plaintiff further "gave written notice of the damage and loss to the Defendant and made claim for his loss." (Id., ¶ 8). After receipt of Plaintiff's claim, the Defendant "undertook to investigate the Plaintiff's claim." (Id., ¶ 9). According to the Plaintiff, he has performed "all conditions, covenants, and promises required by him" and further "has fully cooperated with the investigation of the Defendant, provided access to the automobile, and provided all relevant information requested by the Defendant's representatives as well as claim documentation to the best of his ability." (Id., ¶¶ 10-11).

---

[1]    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000.

"The Defendant, despite demand for benefits under its policy of insurance, has failed and refused to pay the Plaintiff those benefits due and owing under said policy of insurance and has refused to pay the Plaintiff to compensate him for his insured loss." (*Id.*, ¶ 12). "The Defendant unreasonably delayed in providing good faith offers on the claims of the Plaintiff." (*Id.*, ¶ 13).

In Count I of the Complaint, Plaintiff asserts a claim for breach of contract. (*Id.*, ¶¶ 14-23). Plaintiff alleges that the Defendant "in failing to pay the insured benefits, breached its contractual obligations and is in violation of statutory law as well as the terms and conditions" of the insurance policy. (*Id.*, ¶ 18). Specifically, Plaintiff alleges that Defendant breached the insurance contract by: (1) failing to promptly and reasonably adjust the claim; (2) failing to properly train and/or instruct its adjusters and/or agents; (3) failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims; (4) failing to timely provide sufficient funds for the loss, repair and/or replacement of the subject property; (5) failing to provide sufficient funds for the loss, repair and/or replacement of the contents contained in the subject property, as per policy provisions; (6) failing to provide sufficient funds for the loss of use of the subject property, as per policy provisions; and (7) denying coverage on the claim without a proper legal basis. (*Id.*, ¶¶ 18(A)-(G)). As a direct and proximate result of the aforementioned conduct, Plaintiff alleges he "has been deprived of the value of his automobile" and seeks no less than

$30,286.86 for breach of contract as well as reasonable attorney's fees, costs and expenses. (*Id.*, ¶¶ 19-23).

In Count II of the Complaint, Plaintiff asserts a claim for statutory bad faith pursuant to 42 Pa. C.S. § 8371. (*Id.*, ¶¶ 24-31). "Upon information and belief, the Defendant possesses no evidence that the damage did not occur as reported by the Plaintiff." (*Id.*, ¶ 25). "Upon information and belief, the Defendant possesses no evidence that the damage did not occur in such a way as is covered under the terms of the insurance contract and/or all applicable endorsements." (*Id.*, ¶ 26). "Upon information and belief, the Defendant has no reasonable and sufficient basis for its conclusion that the damage to the Plaintiff's automobile is not a covered loss under the insurance contract." (*Id.*, ¶ 27). "The Defendant acted in bad faith toward the Plaintiff when it denied the Plaintiff's claim." (*Id.*, ¶ 28). "Defendant's conduct and actions in employing, using and relying upon its investigation and adjustment of the Plaintiff's claim and determination of the amount of damages and monetary amount of loss to the Plaintiff's automobile, constitutes bad faith on the part of Defendant towards its insured." (*Id.*, ¶ 29).

"Defendant's conduct and actions in failing to pay the insurance benefits to which the Plaintiff was entitled constitutes bad faith" in that the Defendant: (1) failed to promptly and reasonably respond to Plaintiff's demand for prompt payment of Plaintiff's insurance claim after Defendant had been provided with loss documentation that clearly established that immediate payment of such insurance benefits was justifiable and warranted; (2)

unreasonably and vexatiously delayed payment of insurance benefits to Plaintiff when it was clear that immediate payment of such insurance benefits was justified and warranted; (3) failed to make a reasonable settlement offer or payment to the Plaintiff, thereby compelling Plaintiff to institute the instant action and incur additional costs to recover those benefits rightly due to him; (4) failed and/or refused to pay the full amount of Plaintiff's insurance policy benefits and damages without a reasonable foundation to do so; (5) forced Plaintiff to unnecessarily incur significant debts by failing to promptly pay insurance policy benefits that were rightly due to him; (6) failed to adopt and implement reasonable standards for the prompt investigation and payment of insurance policy benefits arising out of Plaintiff's insurance contract; (7) failed to pay Plaintiff's insurance policy benefits and claims within a reasonable time after supporting loss documentation had been provided to Defendant; (8) failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's insurance policy benefits and claims even though there was no issue as to Defendant's liability for the insurance policy benefits; (9) failed to exercise the utmost good faith and discharge of its statutory and contractual duties to Plaintiff; and (10) engaged in unfair claims settlement and insurance practices in violation of common law and Defendant's statutory obligations.  (*Id.*, ¶¶ 30(a)-(j)).  Plaintiff seeks interest, punitive damages, and reasonable attorneys' fees and costs.  (*Id.*, ¶ 31).

In Count III of the Complaint, Plaintiff asserts a claim for fraud and misrepresentation.  (*Id.*, ¶¶ 32-37).  "At all times relevant, Defendant has marketed itself as

company which its insured could rely on for prompt and fair evaluation and prompt payment

of claims." (*Id.*, ¶ 33).  "Defendant represents the above image to its insured and

represented that image to Plaintiff in order to induce the Plaintiff, Brandon W. Weir, to

purchase insurance with Defendant." (*Id.*, ¶ 34).  "The Plaintiff did, in fact, rely upon and

was induced by the aforesaid representations made by Defendant and make its decision to

purchase insurance from Defendant on the basis of that reliance and inducement." (*Id.*, ¶

35).  "When Defendant made the above representations to the Plaintiff, those

representations were false." (*Id.*, ¶ 36).  "As a proximate and legal result of Defendant's

fraud and misrepresentations, Plaintiff has suffered financial loss, both in the form of the

premiums which the Plaintiff paid to Defendant for a product and service which Defendant

contracted to provided, but in fact did not intend to provide and did not provide to Plaintiff

when he needed it." (*Id.*, ¶ 37).  Plaintiff seeks compensatory damage in excess of $50,000

as well as punitive damages.

    In Count IV of the Complaint, Plaintiff seeks a declaratory judgment.  (*Id.*, ¶¶ 38-40).

"Plaintiff seeks a declaratory judgment for the purposes of determining a question of actual

controversy between the parties concerning his rights, obligations, and coverages under the

subject policy." (*Id.*, ¶ 39).  "Plaintiff seeks a declaration that the insurance policy provides

full insurance coverage for all damage to the insured's property, and loss of use." (*Id.*, ¶

40).

In Count V of the Complaint, Plaintiff seeks specific performance. (*Id.*, ¶¶ 41-43). "The Defendant entered into the subject contract of insurance with the Plaintiff wherein it clearly and expressly agreed to provide insurance coverage for physical loss and damage to the Plaintiff's 2016 Ford Fusion SE Sedan 4D EcoBoost 1.5L automobile, as proximately and efficiently caused in the manner suffered by the Plaintiff. Plaintiff in turn paid the Defendant substantial premiums in consideration for the agreed upon insurance coverage." (*Id.*, ¶ 42). "The Plaintiff performed his end of the bargain and is accordingly now entitled to specific performance of the insurance contract. The Court should therefore require the Defendant to specifically perform such agreement." (*Id.*, ¶ 43).

Lastly, in Count VI of the Complaint Plaintiff brings a claim for unjust enrichment. (*Id.*, ¶ 44-46). "Despite realizing substantial premium[s] from Plaintiff, the Defendant has withheld the insurance proceeds owed to the Plaintiff for the insured damage to his insured property." (*Id.*, ¶ 45). "The Defendant has therefore been unjustly enriched at the Plaintiff's expense." (*Id.*, ¶ 46).

## III.    **STANDARD OF REVIEW**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at

678).  "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Id.* at 786-87 (quoting *Iqbal,* 556 U.S. 679).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  However, an exception to this general rule exists where a "document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  *Id.* (internal quotation marks and brackets omitted) (emphasis in original).  The Court may also consider any "undisputedly authentic documents that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  *PBCG v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Nonetheless, consideration of these documents "only goes so far [and w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail."  *Doe v. Princeton Uni.*, 30 F.4th 335, 342 (3d Cir. 2022).

In addition, Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings.  It provides, in relevant part, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

## IV.    ANALYSIS

Defendant Progressive seeks dismissal of four of the six claims alleged in Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and also seeks to strike Plaintiff's demand for attorney's fees alleged in Count I. Progressive does not seek dismissal of Plaintiff's breach of contract claim alleged in Count I or Plaintiff's declaratory judgment claim alleged in Count IV. Plaintiff opposes Defendant's partial motion to dismiss but does not oppose Defendant's motion to strike.[2]

---

[2]    The Court feels it necessary to highlight serious misrepresentations and outright falsehoods contained in the opposition brief filed by Plaintiff's attorney Andrew J. Katsock III. (Doc. 16). Most egregious, is Mr. Katsock's false representations throughout Plaintiff's brief concerning purported declarations filed by Progressive in support of its motion to dismiss. (*Id.* at 4-7). But as should have been abundantly clear to Plaintiff's counsel, there are no declarations filed by Progressive on the docket, and certainly Progressive did not submit declarations to support its motion to dismiss, as Mr. Katsock falsely claims throughout his opposition brief. Although Defendant highlighted these egregious falsehoods in its reply brief, (Doc. 17), Mr. Katsock has taken no steps to correct any of the falsehoods and misrepresentations contained throughout his brief with this Court. Similarly, despite it being readily apparent that Progressive was not moving to dismiss Plaintiff's declaratory judgment claim, Plaintiff yet again falsely misrepresents Defendant's motion and again ascribes actions to Progressive that any reasonable and competent attorney reading the instant motion to dismiss would know Defendant did not take. (Doc. 16 at 10-11). And there is no support whatsoever for Plaintiff's counsel position taken throughout his brief that the Court must treat the motion dismiss as a motion for summary judgment. (*Id.* at 4-10). Moreover, throughout Plaintiff's brief, Mr. Katsock misrepresents nearly all the case law he cites. Plaintiff counsel should have known better, but this appears to be a pattern of behavior for Attorney Andrew J. Kastock III.

Indeed, this is not the first time that federal courts in this Circuit have acknowledged serious improprieties concerning Plaintiff's attorney Andrew J. Katsock III. *See, e.g.,* *In re Witchey Enter., Inc.*, 2024 WL 2827928, at *1 (3d Cir. June 4, 2024) ("Appellant Andrew J. Katsock III, simultaneously represented a small business debtor in a bankruptcy proceeding and its principal, who is also a creditor. He then **falsely represented to the Bankruptcy Court** when he sought his attorneys' fees that he had no conflict of interest. . . . The Bankruptcy Court did not abuse its discretion when it denied Katsock's Fee Application based on a proper finding of an undisclosed conflict of interest.") (emphasis added); *Id.* at *3 n.3 ("In addition, **Katsock failed to disclose** that he represented Witchey, who was a party in interest for the purpose of Bankruptcy rule 2014(a), **despite multiple opportunities to do so.**") (emphasis added); *Lokuta v. Angelella*, 2024 WL 1557381, at *8 (M.D. Pa. Apr. 10, 2024) (Mannion, J.) (denying motion for Rule 11 sanctions against Attorney Katsock, but noting "**[i]f Mr. Katsock does not change his behavior and continues to file frivolous complaints, future courts will have no other choice but to sanction him and consider referral to the**

A.    **Statutory Bad Faith**

Progressive first moves to dismiss Plaintiff's statutory bad faith claim alleged in the

Count II of the Complaint.  The Pennsylvania legislature has created a statutory remedy for

an insurer's bad faith conduct, which reads as follows:

> In an action arising under an insurance policy, if the court finds that the
> insurer has acted in bad faith toward the insured, the court may take all
> of the following actions:
>> (1) Award interest on the amount of the claim from the date the
>> claim was made by the insured in an amount equal to the prime
>> rate of interest plus 3%.
>> (2) Award punitive damages against the insurer.
>> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371.

---

*Bar Association for disciplinary action*") (emphasis added); *Castillo v. Maguire*, 2022 WL 1122836, at *5
n.4 (M.D. Pa. Apr. 14, 2022) (Mariani, J.) ("Plaintiff's counsel's inability to admit a simple fact, that is admitted
by Castillo himself and supported repeatedly in the record by a number of documents, *raises serious
questions as to whether Plaintiff's counsel simply did not give adequate attention to this case or
rather lacks an ability to perform his duty of being candid with the Court*.") (emphasis added).

Similarly, the Court again must note what one would hope to be an error in a similar matter pending
before Judge Saporito involving the same parties but concerning a different vehicle and claim.  *Weir v.
Progressive*, No. 3:23-cv-00654-JFS.  As an initial matter, the Complaint filed by Plaintiff in this case is nearly
identical to that filed in a similar case before Judge Saporito.  *Compare id.* (Doc. 1-3), *with* (Doc. 1-2).  More
importantly, though, Plaintiff's counsel filed the same identical brief in opposition to Progressive's motion to
dismiss in a matter before Judge Saporito, even though the cases clearly seek different damages for two
different automobile accidents.  *Compare* (Doc. 14), No. 3:23-cv-00654-JFS *with* (Doc. 16).  Perhaps this
was a mistake to file the exact same brief before this Court and Judge Saporito.  This may have been the
inadvertent result of the pendency of two cases involving the same Plaintiff and the same insurance company,
albeit it arising from a separate claim from the case before the Court.  Nonetheless, it suggests a lack of
attention and slipshod approach to his client's interest.

"The standard for bad faith claims under § 8371 is set forth in *Terletsky v. Prudential Property & Cas. Ins. Co.*, 437 Pa. Super. 108, 649 A.2d 680, 688 (1994), *appeal denied*, 540 Pa. 641, 659 A.2d 560 (1995)." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997). *Terletsky* defined the term "bad faith" as follows:

> In the insurance context, the term bad faith has acquired a particular meaning:
>
> *Insurance.* "Bad faith" on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Terletsky*, 649 A.2d at 688 (quoting Black's Law Dictionary 139 (6th ed. 1990)). Therefore, "to recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Id.*

"Bad faith claims are fact specific and turn on the specific conduct of the insurer toward the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). Therefore, "[a] plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id.* "A plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." *Id.*

Here, Plaintiff's Complaint fails to allege a plausible claim under Pennsylvania's bad faith statute. Although the Court must take as true the factual allegations in the Complaint

and the reasonable inference drawn from those facts, it must disregard legal conclusions and threadbare recitals of the elements of a cause of action supported by conclusory statements only. Having done so, it is apparent that the Complaint contains insufficient factual allegations to make it plausible that Defendant is liable under Pennsylvania's bad faith statute. (Doc. 1-2, ¶¶ 24-31).

Indeed, the Complaint is full of conclusory factual allegations and legal conclusions, and a further contains a laundry list of boilerplate and generic allegations about bad faith that, taken together, falls far short of alleging plausible factual content raising the reasonable inference that Progressive is liable under Pennsylvania's bad faith statute. *See, e.g., Irwin v. Progressive Ins. Co.*, 2025 WL 2670567, at *3 (M.D. Pa. Sept. 17, 2025) (dismissing statutory bad faith claim where "the complaint consists of conclusory statements unsupported by facts"); *Grimley v. Progressive Advanced Ins. Co.*, 2025 WL 2414162, at *3 (E.D. Pa. Aug. 20, 2025) ("Courts in this Circuit have routinely dismissed bad faith claims reciting only conclusory allegations unaccompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a rule 12(b)(6) motion to dismiss.") (collecting cases); *Debree v. Am. States Ins. Co.*, 2021 WL 1226553, at *1 (M.D. Pa. Mar. 31, 2021) (Mariani, J.) (adopting reporting and recommendation and dismissing statutory bad faith claim, with leave to amend); *Richard v. Fin. of Am. Mortg., LLC*, 2019 WL 1980693 (M.D. Pa. May 3, 2019) (Mariani, J.) (same); *Liberty Ins. Corp. v. PGT Trucking, Inc.*, 2011 WL 2552531, at *4 (W.D. Pa. June 27, 2011) (dismissing statutory bad faith claim where the

complaint "contains only vague, barebone allegations as to the actual alleged bad faith conduct"); *Muth v. State Farm Fire & Cas. Co.*, 2010 WL 3805386, at *2 (M.D. Pa. Sept. 22, 2010) (dismissing statutory bad faith claim where, "[a]ll the allegations are merely conclusory statements" or "simply a threadbare recital of the elements of the cause of action").

In the absence of actual specific factual allegations regarding how Progressive conduct amounted to bad faith, the Court cannot reasonably infer from the Complaint that Progressive lacked a reasonable basis for denying Plaintiff's claim and knew or recklessly disregarded its lack of reasonable basis in denying Plaintiff's claim. As such, the Court finds that Plaintiff has failed to state a plausible statutory bad faith claim against the Defendant. Accordingly, Count II will be dismissed without prejudice. Although Plaintiff did not request leave to amend, the Court will grant Plaintiff leave to amend Count II.

### B. Fraud & Misrepresentation

Progressive next moves to dismiss Count III of Plaintiff's complaint alleging fraud and misrepresentation. According to Progressive, Plaintiff has failed to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b), and further claim that Plaintiff's claim is barred by Pennsylvania's gist of the action doctrine.

To state a claim for fraud in Pennsylvania, a plaintiff must plausibly plead six elements: (1) a misrepresentation, (2) material to the transaction, (3) made falsely, (4) with the intent of misleading another to rely on it, (5) justifiable reliance resulted, and (6) injury

was proximately caused by the reliance. *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005). In addition, Federal Rule of Civil Procedure 9(b) requires that allegations of fraud must be pled with particularity. "The purpose of Rule 9(b) is to provide notice, not to test the factual allegations of the claim." *Morganroth & Morganroth v. Norris, McLaughlin & Marcus P.C.*, 331 F.3d 406, 414 n.2 (3d Cir. 2003). "Rule 9(b) may be satisfied by describing the circumstances of the alleged fraud with precise allegations of date, time, or place, or by using some means of injecting precision and some measure of substantiation into the allegations of fraud." *Ohama v. Markowitz*, 434 F. Supp. 3d 303, 310 (E.D. Pa. 2020) (citing *Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown*, 296 F.3d 164, 172 n.10) (3d Cir. 2002). "Stated differently, the plaintiff must plead the who, what, when, where, and how of the fraud." *Id.*

Count III of the Complaint must be dismissed for several reasons. As an initial matter, Plaintiff does not even allege all the elements of the cause of action for fraud under Pennsylvania law. For example, the Complaint contains no allegations of the specific misrepresentation that Progressive made, nor does he plausibly allege justifiable reliance. Moreover, the allegations in the Complaint come nowhere close to satisfying the heightened pleading standard Federal Rule of Civil Procedure 9(b). The paltry allegations in the Complaint, (Doc. 1-2, ¶¶ 32-37), fail to identify, at a minimum, when the fraud alleged took place, where it allegedly took place, and how the alleged fraud took place. Far more is needed to comply with Federal Rule of Civil Procedure 9(b). Accordingly, Count III alleging

fraud and misrepresentation will be dismissed without prejudice.[3]  Although Plaintiff did not

request leave to amend, the Court will grant Plaintiff leave to amend Count III.

### C.    Specific Performance

Progressive next moves to dismiss Count V of the Complaint, which seeks specific

performance, claiming that such a claim in equity cannot stand because Plaintiff has an

adequate remedy at law—the breach of contract claim alleged in Count I seeking monetary

damages.  Defendant further claims that specific performance is merely a remedy for a

breach a contract, not a freestanding legal claim and therefore the claim must be dismissed.

Plaintiff makes no attempt to argue why he does have an adequate remedy at law or

otherwise offer support for his specific performance claim.  The Court agrees with

Progressive and Count V must be dismissed with prejudice.

"Specific performance compels the surrender of a thing in itself, because that thing is

unique and cannot by its nature be duplicated." *Cimina v. Bronich*, 517 Pa. 378, 383

(1988).  "A decree of specific performance is a matter of grace and not of right." *Clark v.*

*Pennsylvania State Police*, 496 Pa. 310, 313 (1981).  "Specific performance should only be

granted where the facts clearly establish the plaintiff's right thereto, where no adequate

remedy at law exists, and where justice requires it." *Id.*

---

[3]     Because the Court is dismissing the claim for failure to comply with pleading standards, the Court
does not address Progressive's alternative argument that Count III must be dismissed because it is barred
by Pennsylvania's gist-of-the-action doctrine.

Initially, the Court notes that Plaintiff/insured seeks specific performance of money alleged owed to him from Progressive/insurer due to an alleged breach of the insurance contract. But money is fungible, and not unique, and the claim alleged in Count V is not a proper basis for seeking specific performance of an insurance contract. Moreover, it is well-settled that specific performance is not a standalone claim under Pennsylvania law but instead is an equitable remedy for breach of contract. *See Nationwide Life Ins. Co. v. Franklin Mills Assoc. Limited P'ship*, 2014 WL 4722623, at *5 n.1 (E.D. Pa. Sept. 23, 2014) ("Specific performance is an equitable remedy for breach of contract, not an independent cause of action.").

Courts applying Pennsylvania law routinely dismiss claims in equity seeking specific performance where, as here, the plaintiff has an adequate remedy at law in the form of monetary damages for breach of contract. *See, e.g., Vanderveen v. Erie Indem. Co.*, 417 Pa. 607, 608 (1965) (in action where plaintiff sought "specific performance of the contract of insurance" lower court erred in entertaining action in equity because "[i]t is fundamental that equity lacks jurisdiction if an adequate and complete remedy at law exists."); *Lyco Betters Homes, Inc. v. Range Res. Appalachia, LLC*, 2009 WL 10692483, at *2 (M.D. Pa. May 21, 2009) (noting that plaintiff "concedes that specific performance is not appropriate, and is relying on the breach of contract claim only"); *O'Shea v. Mut. Life Ins. Co. of New York*, 2002 WL 32348944, at *2 (E.D. Pa. Jan. 22, 2002) ("As an action for breach of contract provides an adequate legal remedy to Dr. O'Shea in the instant case, she may not pursue

her claim for specific performance."). Because Plaintiff has an adequate remedy at law for the alleged breach of contract—the breach of contract claim he has alleged in Count I seeking monetary damages—Count V seeking specific performance will be dismissed with prejudice because leave to amend would be futile.

### D.    Unjust Enrichment

Progressive next moves to dismiss Plaintiff's claim alleging unjust enrichment, claiming that the claim cannot survive because the parties have an express contract.

"To plead unjust enrichment, a plaintiff must allege that: (1) the plaintiff conferred benefits upon the defendant; (2) the defendant appreciated and accepted such benefits; and (3) it would be inequitable for the defendant to retain the benefit without payment of the value." *Alpart v. Gen. Land Partners, Inc.*, 574 F.Supp.2d 491, 507 (E.D. Pa. 2008) (citing *Wiernik v. PHH U.S. Mortg. Corp.*, 736 A.2d 616, 622 (Pa. Super. 1999)). Put differently, to succeed on a claim for unjust enrichment, a party must demonstrate: (1) that it "conferred a benefit upon Defendants; (2) Defendants appreciated the benefit; and (3) Defendants accepted and retained the benefit under circumstances making it inequitable for Defendants to retain the benefit without paying him." *Argue v. Triton Digital, Inc.*, 2017 WL 1611254, at *4 (W.D. Pa. Apr. 28, 2017). Initially, the Court notes that Plaintiff's Complaint fails to allege each of the elements of a cause of action for unjust enrichment and will thus be dismissed. (Doc. 1-2, ¶¶ 44-46).

More importantly, though, Count VI must be dismissed because it is well-settled that under Pennsylvania law, a "plaintiff cannot recover for unjust enrichment when an express contract governs the relationship between the parties." *Aplart*, 574 F. Supp. 2d at 507; *see also Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 625 (E.D. Pa. 2010) ("[I]t is a well-established rule that the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon written agreements."); *Villoresi v. Femminella*, 856 A.2d 78, 84 (Pa. Super. 2004) ("Where an express contract already exists to define the parameters of the parties' respective duties, the parties may avail themselves of contract remedies and an equitable remedy for unjust enrichment cannot be deemed to exist.").

Here, it is undisputed that there is an express contract that governs the relationship between Plaintiff and Defendant—the insurance policy. (Doc. 1-2, ¶¶ 3-6, 11-12, 15-19). As such, Plaintiff's claim alleging unjust enrichment will be dismissed with prejudice because leave to amend would be futile because there is no dispute that an express contract exists governing the relationship between Plaintiff and Defendant.

**E.    Motion to Strike**

Finally, Defendant next move to strike Plaintiff's reference to, and demands for, attorney's fees in Count I of the Complaint which alleges breach of contract. Plaintiff's opposition brief fails to address Defendant's motion to strike. Accordingly, under Local Rule 7.6 Plaintiff "shall be deemed not to oppose such motion." M.D. Pa. L.R. 7.6.

It is well-settled that striking a pleading is a "drastic remedy" which courts generally disfavor. *Homesite Ins. Co. of Midwest v. Geaith*, Civil No. 1:22-CV-1664, 2023 WL 362387, at \*1 (M.D. Pa. Jan. 30, 2023); *see also Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 98 (M.D. Pa. 2016) (motions to strike "should be denied unless the allegations have no possible relation to the controversy, may cause prejudice to one of the parties, or confuses the issues."); *Fiorentino v. Cabot Oil & Gas Corp.*, 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010) ("Relief under Federal Rule of Civil Procedure 12(f) is generally disfavored, and will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.").

"The burden rests with the moving party to show that the challenged matter should be stricken." *Roamingwood Sewer & Water Ass'n v. Nat'l Diversified Sales, Inc.*, 509 F. Supp. 3d 198, 204 (M.D. Pa. 2020). Accordingly, Defendants "must demonstrate that the matter falls within the categories listed in Rule 12(f)." *Id.* "Immaterial matter is that which has no essential or important relationship to any claims for relief." *Id.* "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* "And scandalous matter is that which casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Id.*

The Court will grant Progressive's motion to strike all references to, and demand for, attorney's fees in Count I of the Complaint as unopposed. It will also grant Progressive's

motion on the merits.  The attorney's fees demand on the breach of contract claim alleged in Count I is immaterial and impertinent and are not recoverable under Pennsylvania law. *See Kirschner v. State Farm Fire & Cas. Co.*, 2023 WL 7167568, at *2 (E.D. Pa. Oct. 31, 2023) (granting motion to strike claim for attorney's fees where "the claims at issue are based on an insurance contract, which does not allow for the recovery of attorney's fees"); *Getz v. State Farm Ins. Co.*, 2012 WL 5288795, at *2 (W.D. Pa. Oct. 24, 2012) (granting motion to strike demand for attorney's fees in action for breach of insurance contract). Indeed, Plaintiff does not even address, let alone oppose, Progressive's motion to strike. Accordingly, the Court will grant Progressive's motion to strike.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's partial motion to dismiss and motion to strike will be granted.  A separate Order follows.

Robert D. Mariani
United States District Judge