THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON W. WEIR, | : | |
| | : | |
| Plaintiff, | : | 3:25-CV-1504 |
| v. | : | (JUDGE MARIANI) |
| | : | |
| PROGRESSIVE ADVANCED | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Before the Court is a partial motion dismiss filed by Defendant Progressive

Advanced Insurance Company ("Defendant" or "Progressive"). (Doc. 22). For the reasons

that follow, the motion will be granted, with leave to amend.

### I.    PROCEDURAL HISTORY

On or about July 16, 2025, Plaintiff Brandon W. Weir ("Plaintiff") filed this action in

the Court of Common Pleas of Luzerne County. (Doc. 1-2). In the Complaint, Plaintiff

brings four claims against the Defendant: breach of contract (Count I), a statutory bad faith

claim pursuant to 42 Pa. C.S.A. § 8371 (Count II), a claim alleging fraud and

misrepresentation (Count III), and declaratory relief (Count IV).

On August 15, 2025, Defendant timely removed the action to this Court pursuant to

28 U.S.C. § 1441. (Doc. 1). Defendant thereafter filed a motion to dismiss and a motion to

strike. (Doc. 4). On September 3, 2025, Plaintiff filed a motion to remand, (Doc. 6), which

the Court denied on October 2, 2025. (Doc. 15).

On November 24, 2025, the Court granted Defendant's partial motion to dismiss and motion to strike and allowed Plaintiff leave to amend. (Doc. 19). Thereafter, Plaintiff filed the Amended Complaint. (Doc. 21). On December 29, 2025, Progressive moved to dismiss Counts II and III the Amended Complaint. (Doc. 22). The motions have been fully briefed and ripe for disposition.[1]

## II.    FACTUAL ALLEGATIONS

Plaintiff's Amended Complaint alleges the following:[2]

Plaintiff is the owner of an automobile insurance policy purchased from Defendant Progressive. (Doc. 21 ¶¶ 1-2). Specifically, Plaintiff purchased an automobile insurance policy bearing the policy number 65877038 from the Defendant to provide coverage on the Plaintiff's 2016 Ford Fusion SE Sedan 4D EcoBoost 1.5L. (*Id.*, ¶¶ 3-5). On or about January 17, 2025, Plaintiff's automobile suffered significant damage and loss when the vehicle struck an animal. (*Id.*, ¶ 6).

Plaintiff "immediately reported the damage and loss to the Defendant through its agents and/or employees." (*Id.*, ¶ 7). Plaintiff further "gave written notice of the damage and loss to the Defendant and made claim for his loss." (*Id.*, ¶ 8). After receipt of Plaintiff's claim, the Defendant "undertook to investigate the Plaintiff's claim." (*Id.*, ¶ 9). According to

---

[1]    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000.

[2]    Because the Complaint and the Amended Complaint differ only slightly, the Court will italicize and underline the seven new allegations in the Amended Complaint.

the Plaintiff, he has performed "all conditions, covenants, and promises required by him" and further "has fully cooperated with the investigation of the Defendant, provided access to the automobile, and provided all relevant information requested by the Defendant's representatives as well as claim documentation to the best of his ability." (*Id.*, ¶¶ 10-11). "The Defendant, despite demand for benefits under its policy of insurance, has failed and refused to pay the Plaintiff those benefits due and owing under said policy of insurance and has refused to pay the Plaintiff to compensate him for his insured loss." (*Id.*, ¶ 12). "The Defendant unreasonably delayed in providing good faith offers on the claims of the Plaintiff." (*Id.*, ¶ 13).

In Count I of the Amended Complaint, Plaintiff asserts a claim for breach of contract.[3] (*Id.*, ¶¶ 14-23). Progressive does not move to dismiss Count I.

In Count II of the Amended Complaint, Plaintiff asserts a claim for statutory bad faith pursuant to 42 Pa. C.S. § 8371. (*Id.*, ¶¶ 24-33). "Upon information and belief, the Defendant possesses no evidence that the damage did not occur as reported by the Plaintiff." (*Id.*, ¶ 25). "Upon information and belief, the Defendant possesses no evidence that the damage did not occur in such a way as is covered under the terms of the insurance contract and/or all applicable endorsements." (*Id.*, ¶ 26). "Upon information and belief, the Defendant has no reasonable and sufficient basis for its conclusion that the damage to the

---

[3]    Unlike the Complaint, the Amended Complaint fails to identify the breach of contract claim as a separate count. *Compare* (Doc. 1-2 at 5-7), *with* (Doc. 21 at 4-7).

Plaintiff's automobile is not a covered loss under the insurance contract." (*Id.*, ¶ 27). "The Defendant acted in bad faith toward the Plaintiff when it denied the Plaintiff's claim." (*Id.*, ¶ 28). "Defendant's conduct and actions in employing, using and relying upon its investigation and adjustment of the Plaintiff's claim and determination of the amount of damages and monetary amount of loss to the Plaintiff's automobile, constitutes bad faith on the part of Defendant towards its insured." (*Id.*, ¶ 29).

"Defendant's conduct and actions in failing to pay the insurance benefits to which the Plaintiff was entitled constitutes bad faith" in that the Progressive:  (1) failed to promptly and reasonably respond to Plaintiff's demand for prompt payment of Plaintiff's insurance claim after Defendant had been provided with loss documentation that clearly established that immediate payment of such insurance benefits was justifiable and warranted; (2) unreasonably and vexatiously delayed payment of insurance benefits to Plaintiff when it was clear that immediate payment of such insurance benefits was justified and warranted; (3) failed to make a reasonable settlement offer or payment to the Plaintiff, thereby compelling Plaintiff to institute the instant action and incur additional costs to recover those benefits rightly due to him; (4) failed and/or refused to pay the full amount of Plaintiff's insurance policy benefits and damages without a reasonable foundation to do so; (5) forced Plaintiff to unnecessarily incur significant debts by failing to promptly pay insurance policy benefits that were rightly due to him; (6) failed to adopt and implement reasonable standards for the prompt investigation and payment of insurance policy benefits arising out of Plaintiff's

4

insurance contract; (7) failed to pay Plaintiff's insurance policy benefits and claims within a reasonable time after supporting loss documentation had been provided to Defendant; (8) failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's insurance policy benefits and claims even though there was no issue as to Defendant's liability for the insurance policy benefits; (9) failed to exercise the utmost good faith and discharge of its statutory and contractual duties to Plaintiff; and (10) engaged in unfair claims settlement and insurance practices in violation of common law and Defendant's statutory obligations. (*Id.*, ¶¶ 30(a)-(j)). Plaintiff seeks interest, punitive damages, and reasonable attorneys' fees and costs.[4] (*Id.*, ¶ 33).

In Count III, Plaintiff asserts a claim for fraud and misrepresentation. (*Id.*, ¶¶ 34-44). "At all times relevant, Defendant has marketed itself as company which its insured could rely on for prompt and fair evaluation and prompt payment of claims." (*Id.*, ¶ 35). "Defendant represents the above image to its insured and represented that image to Plaintiff in order to induce the Plaintiff, Brandon W. Weir, to purchase insurance with Defendant." (*Id.*, ¶ 36). "*In the instant case, Progressive misrepresented policy coverage, available benefits, or the policy terms.*" (*Id.*, ¶ 37). "*The Defendant's agents and representatives made false and misleading statements in an effort to undervalue or outright deny the*

---

[4] The differences between Count II in the Complaint and Amended Complaint are the following new allegations: (1) "*The Pennsylvania Supreme Court in Rancosky v. Washington Nat'l Ins. Co. . . . clarified that the test for insurance bad faith . . . does not require proof of a motive of self-interest or ill will on the part of the insurance company*"; and (2) "*Evidence of motive of self-interest or ill-will can be probative of whether the insurance company knew or recklessly disregarded its lack of reasonable basis in denying a claim.*" (Doc. 21, ¶¶ 31-32).

*Plaintiff's claim*." (*Id.*, ¶ 38). "*The Defendant's agents and representatives made false and misleading statements by claiming the insurance agent [sic] does not apply to damages clearly listed in the policy.*" (*Id.*, ¶ 39). "*The Defendant's agents and representatives made false and misleading statements after receiving all of the documents necessary to process the claim, stating that all documents have not been received while trying to delay or block the Plaintiff's claim.*" (*Id.*, ¶ 40). "*The Defendant's agents and representatives made false excuses to stall, and the Defendant's adjuster claimed an internal process was needed first, even though it was not.*" (*Id.*, ¶ 41).

"The Plaintiff did, in fact, rely upon and was induced by the aforesaid representations made by Defendant and make its decision to purchase insurance from Defendant on the basis of that reliance and inducement." (*Id.*, ¶ 42). "When Defendant made the above representations to the Plaintiff, those representations were false." (*Id.*, ¶ 43). "As a proximate and legal result of Defendant's fraud and misrepresentations, Plaintiff has suffered financial loss, both in the form of the premiums which the Plaintiff paid to Defendant for a product and service which Defendant contracted to provided, but in fact did not intend to provide and did not provide to Plaintiff when he needed it." (*Id.*, ¶ 44). Plaintiff seeks compensatory damage in excess of $50,000 as well as punitive damages.

In Count IV of the Amended Complaint, Plaintiff seeks a declaratory judgment. (*Id.*, ¶¶ 45-47). "Plaintiff seeks a declaratory judgment for the purposes of determining a question of actual controversy between the parties concerning his rights, obligations, and

coverages under the subject policy." (*Id.*, ¶ 46). "Plaintiff seeks a declaration that the insurance policy provides full insurance coverage for all damage to the insured's property, and loss of use."[5] (*Id.*, ¶ 47).

## III.   STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707

---

[5]   As the above italicized and underlined new allegations make clear, the Amended Complaint is simply a rehashing of the dismissed claims in the Complaint with the addition of seven conclusory allegations in Counts II and III.

F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted).

Thus, "the presumption of truth attaches only to those allegations for which there is

sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President*

*of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S.

at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same

presumption." *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it

does require a pleading to show 'more than a sheer possibility that a defendant has acted

unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal

citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at

678). "The plausibility determination is 'a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting

*Iqbal,* 556 U.S. 679).

## IV.   ANALYSIS

Defendant Progressive seeks dismissal of Count II (bad faith) and Count III (fraud

and misrepresentation) alleged in the Amended Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6). (Doc. 22). Progressive does not seek dismissal of Plaintiff's breach of

contract claim alleged in Count I or Plaintiff's declaratory judgment claim alleged in Count

IV. Plaintiff opposes Defendant's partial motion to dismiss. (Doc. 24).

A.    <u>Statutory Bad Faith</u>

Progressive first moves to dismiss Plaintiff's statutory bad faith claim alleged in Count II of the Amended Complaint.  The Pennsylvania legislature has created a statutory remedy for an insurer's bad faith conduct, which reads as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371.

"The standard for bad faith claims under § 8371 is set forth in *Terletsky v. Prudential Property & Cas. Ins. Co.*, 437 Pa. Super. 108, 649 A.2d 680, 688 (1994), *appeal denied*, 540 Pa. 641, 659 A.2d 560 (1995)."  *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997).  *Terletsky* defined the term "bad faith" as follows:

> In the insurance context, the term bad faith has acquired a particular meaning:
>
> *Insurance.* "Bad faith" on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.  For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Terletsky*, 649 A.2d at 688 (quoting Black's Law Dictionary 139 (6th ed. 1990)).  Therefore, "to recover under a claim of bad faith, the plaintiff must show that the defendant did not

have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Id.*

"Bad faith claims are fact specific and turn on the specific conduct of the insurer toward the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d. 200, 208 (E.D. Pa. 2017). Therefore, "[a] plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id.* "A plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." *Id.*

Here, Plaintiff's Amended Complaint again fails to allege a plausible claim under Pennsylvania's bad faith statute. Although the Court must take as true the factual allegations in the complaint and the reasonable inference drawn from those facts, it must disregard legal conclusions and threadbare recitals of the elements of a cause of action supported by conclusory statements only. Having done so, it is apparent that the Amended Complaint, like the Complaint, contains insufficient factual allegations to make it plausible that Defendant is liable under Pennsylvania's bad faith statute.[6]  (Doc. 21, ¶¶ 24-33).

Indeed, the Amended Complaint is full of conclusory factual allegations and legal conclusions and further contains a laundry list of boilerplate and generic allegations about bad faith that, taken together, falls far short of alleging plausible factual content raising the

---

[6]    The new legal, as opposed to factual, allegations in Count II still fail to make Plaintiff's bad faith claim plausible:  (1) "*The Pennsylvania Supreme Court in Rancosky v. Washington Nat'l Ins. Co. . . . clarified that the test for insurance bad faith . . . does not require proof of a motive of self-interest or ill will on the part of the insurance company*"; and (2) "*Evidence of motive of self-interest or ill-will can be probative of whether the insurance company knew or recklessly disregarded its lack of reasonable basis in denying a claim.*" (Doc. 21, ¶¶ 31-32).

reasonable inference that Progressive is liable under Pennsylvania's bad faith statute. *See, e.g.*, *Weir v. Progressive Advanced Ins. Co.*, 2026 WL 184242, at *4 (M.D. Pa. Jan. 23, 2026) (Saporito, J.) ("We find that the plaintiff's complaint is made up of boilerplate and generic allegations that courts in this District have routinely dismissed due to insufficient factual support that rise to the level of a reasonable inference necessary to survive a motion to dismiss.") (collecting cases); *Irwin v. Progressive Ins. Co.*, 2025 WL 2670567, at *3 (M.D. Pa. Sept. 17, 2025) (dismissing statutory bad faith claim where "the complaint consists of conclusory statements unsupported by facts"); *Grimley v. Progressive Advanced Ins. Co.*, 2025 WL 2414162, at *3 (E.D. Pa. Aug. 20, 2025) ("Courts in this Circuit have routinely dismissed bad faith claims reciting only conclusory allegations unaccompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a rule 12(b)(6) motion to dismiss.") (collecting cases); *Debree v. Am. States Ins. Co.*, 2021 WL 1226553, at *1 (M.D. Pa. Mar. 31, 2021) (Mariani, J.) (adopting reporting and recommendation and dismissing statutory bad faith claim, with leave to amend); *Richard v. Fin. of Am. Mortg., LLC*, 2019 WL 1980693 (M.D. Pa. May 3, 2019) (Mariani, J.) (same); *Liberty Ins. Corp. v. PGT Trucking, Inc.*, 2011 WL 2552531, at *4 (W.D. Pa. June 27, 2011) (dismissing statutory bad faith claim where the complaint "contains only vague, barebone allegations as to the actua alleged bad faith conduct"); *Muth v. State Farm Fire & Cas. Co.*, 2010 WL 3805386, at *2 (M.D. Pa. Sept. 22, 2010) (dismissing statutory bad faith claim

11

where, "[a]ll the allegations are merely conclusory statements" or "simply a threadbare recital of the elements of the cause of action").

In the absence of actual specific factual allegations regarding how Progressive conduct amounted to bad faith, the Court cannot reasonably infer from the Amended Complaint that Progressive lacked a reasonable basis for denying Plaintiff's claim and knew or recklessly disregarded its lack of reasonable basis in denying Plaintiff's claim. As such, the Court finds that Plaintiff has failed to state a plausible statutory bad faith claim against the Defendant. Accordingly, Count II will be dismissed without prejudice. The Court will grant Plaintiff one final opportunity to amend Count II.

### B.    Fraud & Misrepresentation

Progressive next moves to dismiss Count III of Plaintiff's complaint alleging fraud and misrepresentation. According to Progressive, Plaintiff has failed to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b), and further claim that Plaintiff failed to plausibly allege justifiable reliance. (Doc. 23). The Court agrees.

To state a claim for fraud in Pennsylvania, a plaintiff must plausibly plead six elements: (1) a misrepresentation, (2) material to the transaction, (3) made falsely, (4) with the intent of misleading another to rely on it, (5) justifiable reliance resulted, and (6) injury was proximately caused by the reliance. *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005). In addition, Federal Rule of Civil Procedure 9(b) requires that allegations of fraud must be pled with particularity. "The purpose of Rule 9(b)

is to provide notice, not to test the factual allegations of the claim." *Morganroth &*

*Morganroth v. Norris, McLaughlin & Marcus P.C.,* 331 F.3d 406, 414 n.2 (3d Cir. 2003).

"Rule 9(b) may be satisfied by describing the circumstances of the alleged fraud with

precise allegations of date, time, or place, or by using some means of injecting precision

and some measure of substantiation into the allegations of fraud." *Ohama v. Markowitz,*

434 F. Supp. 3d 303, 310 (E.D. Pa. 2020) (citing *Bd. of Trs. of Teamsters Local 863*

*Pension Fund v. Foodtown,* 296 F.3d 164, 172 n.10) (3d Cir. 2002)). "Stated differently, the

plaintiff must plead the who, what, when, where, and how of the fraud." *Id.*

Count III of the Amended Complaint must be dismissed for several reasons. As an

initial matter, the Amended Complaint contains no allegations of the specific

misrepresentations that Progressive made, nor does he plausibly allege justifiable reliance.

*See Weir,* 2026 WL 184242, at \*5 ("But similar to the plaintiff's statutory bad faith claim, the

plaintiff's claim of fraud and misrepresentation features general boilerplate language without

any factual support. The plaintiff has failed to make clear exactly what was misrepresented

to him by Progressive or how he justifiably relied on that misrepresentation."). Moreover,

the allegations in the Amended Complaint still fail to satisfy the heightened pleading

standard Federal Rule of Civil Procedure 9(b). The paltry allegations in the Amended

Complaint, (Doc. 21, ¶¶ 34-44), fail to identify, at a minimum, when the alleged fraud took

place, where it took place, and how the alleged fraud took place. More is needed to comply

with Federal Rule of Civil Procedure 9(b). Accordingly, Count III alleging fraud and

misrepresentation will be dismissed without prejudice.  The Court will grant Plaintiff one final

opportunity to amend Count III.[7]

## V.   CONCLUSION

For the foregoing reasons, Defendant's partial motion to dismiss will be granted.

The Court will grant Plaintiff leave to amend as to Counts II and III. A separate Order

follows.

Robert D. Mariani
United States District Judge

---

[7]    The Court with great reluctance has granted Plaintiff a second opportunity to amend Counts II and III.  The deficiencies that have been twice cited in prior opinions of this Court remain unremedied.  Therefore, Plaintiff is placed on notice that failure to comply with the requirements set forth in this opinion, and more generally the *Twombly/Iqbal* standard for sufficiently pleading a claim, will result in dismissal of these claims with prejudice.